IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Herman Lee Beasley, #319967,    ) | Civil Action No.:2:12-1206-JMC-BHH |
| ) | |
| Petitioner,    ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v.    ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden Cartledge,    ) | |
| ) | |
| Respondent.    ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 13; see also Dkt. No. 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about May 3, 2012. (Dkt. No. 1.) On August 6, 2012, the Respondent moved for summary judgment. (Dkt. No. 13; see also Dkt. No. 14.) By order filed August 7, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 15.) Petitioner filed his Response in Opposition to the Motion for Summary Judgment on or about September 7, 2012. (See Dkt. No. 17.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at McCormick Correctional Institution. In August of 2005, the Greenville County Grand Jury indicted Petitioner for three counts of second-degree lynching and two counts of assault and battery with intent to kill. (Dkt. No. 14-3 at 69-85 of 122.) The Petitioner was represented by Tim Sullivan, Esquire. (Dkt. No. 14-1 at 3 of 101.) A jury trial was held on February 6, 2007, before the Honorable C. Victor Pyle,

Jr. The jury convicted Petitioner as charged, and Judge Pyle sentenced Petitioner to fifteen years on Indictment 2005-6522, one of the charges for second-degree lynching. (R. at 241-43.) On each of the remaining four indictments, Judge Pyle sentenced Petitioner to fifteen years, concurrent. (Id. at 243-44.)

Petitioner appealed and was represented by Lanelle C. Durant, Esquire, of the South Carolina Commission on Indigent Defense. (Dkt. No. 14-4.) In his Final Brief of Appellant, Petitioner raised the following issue: "Did the trial court err in failing to grant appellant's directed verdict motion?" (Dkt. No. 14-4 at 4 of 12.) On April 30, 2009, the South Carolina Court of Appeals issued an unpublished opinion affirming the convictions. (Dkt. No. 14-6.) The remittitur was issued on May 18, 2009. (Dkt. No. 14-7.)

On or about July 23, 2009, Petitioner filed an application for post-conviction relief ("PCR"). (Dkt. No. 14-3 at 46-84 of 122.) In his application, he raised the following claims (as interpreted by Respondent):

    1. Ineffective assistance of trial counsel;

        a. Failure to challenge reasonable doubt charge.

        b. Failure to challenge admission of co-conspirator's testimony

    2. Ineffective assistance of appellate counsel: failure to raise deficient reasonable doubt charge on appeal.

    3. Subject matter jurisdiction.

        a. Detective Owens' testimony at the Grand Jury deprived the Applicant of the right, privileges and immunities guaranteed by the Constitution.

        b. State failed to file the indictment within 180 days of the Applicant's arrest.

(See Dkt. No. 14-3 at 86 of 122; Dkt. No. 14-3 at 46-84 of 122.) In an Attachment to his PCR application, Petitioner also raised the following two issues: (a) Brady violation and (b) double jeopardy. (Dkt. No. 14-3 at 86 of 122.)

On May 25, 2010, an evidentiary hearing was held before the Honorable Robin B. Stilwell. (R. at 290-317.) Petitioner was present and represented by Caroline Horlbeck, Esquire. In an order dated July 7, 2010, Judge Stilwell denied the application for post-conviction relief and dismissed the petition. (R. at 318-25.)

On January 31, 2011, Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense filed a Petition for Writ of Certiorari. (Dkt. No. 14-9.) Therein Petitioner raised the following issue:

> The PCR court erred in denying petitioner's allegation that trial counsel erred in failing to object to the trial judge's charge that "proof beyond a reasonable doubt is proof that leaves [one] firmly convinced of the defendant's guilt" because this was not the approved circumstantial evidence reasonable doubt charge outlined in State v. Needs, 344 S.C. 85, 544 S.E.2d 30 (2001), and since this case was a circumstantial evidence case, petitioner was prejudiced by the infirm instruction at issue as there was a reasonable likelihood that jurors applied the instruction in a manner that was unconstitutional.

(Dkt. No. 14-9 at 3 of 10.)

On March 21, 2012, the Supreme Court of South Carolina issued an order denying the petition for writ of certiorari. (Dkt. No. 14-11.) The matter was remitted to the lower court on April 10, 2012. (Dkt. No. 14-12.)

The Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: 6th amendment & 14th Amendment Due Process Law.
> **Supporting Facts**: Ineffective assistance of trial counsel (2) failure to challenge reasonable doubt charge. (3) failure to challenge admission of conspirator's testimony. (4) ineffective assistance of appellate counsel: (5) failure to raise deficient reasonable doubt charge on appeal. (6) subject matter jurisdiction: (7) Detective Owens' testimony at the grand jury deprive the applicant of right, privileges and immunities guaranteed by the Constitution. (8) State failed to file indictment within 180 days of the applicant arrest.

(Dkt. No. 1.)

3

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams,

4

529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 13; Dkt. No. 1.) In his Motion for Summary Judgment, Respondent organizes Petitioner's claims as follows:

- A. Trial counsel failed to challenge the trial court's charge on reasonable doubt;
- B. Trial counsel failed to challenge admission of conspirator's testimony;
- C. Appellate counsel failed to challenge trial court's charge on reasonable doubt on appeal;
- D. Lack of subject matter jurisdiction;
- E. Challenge to Detective Owens' testimony at the Grand Jury; and
- F. State failed to file indictment within 180 days of arrest.

(Dkt. No. 14 at 9-10.) The undersigned will address the arguments in turn.

**A. Ineffective Assistance of Counsel (Claims A, B, and C)**

Petitioner asserts in Claim A and Claim B that his trial counsel was ineffective; in Claim C, Petitioner contends his appellate counsel was ineffective. Respondent contends all three claims are procedurally defaulted. (Dkt. No. 14 at 10.)

In the PCR order, Judge Stilwell described the testimony at the hearing as follows:

> The Applicant stated trial counsel should have objected to testimony from several witnesses: Reginald Hicks, Joshua Chapman, Sylvester Fuller, and Rasheed Robinson. The Applicant stated trial counsel failed to argue–in his closing statement–that the prosecution had failed to meet his burden of proof on the lunching charges. The Applicant stated trial counsel should have requested a different charge on reasonable doubt. The Applicant stated trial counsel should have objected because, though he was arrested in January 2005, he was not indicted until August 2005.
> Trial counsel testified he had numerous meetings with the Applicant in which they reviewed discovery materials and the Applicant's version of events. Trial counsel testified the Applicant rejected a plea offer from the State. Trial counsel testified the Applicant denied he shot anyone and wanted to take the case to trial. Trial counsel testified the Applicant's co-defendants

5

>   gave inconsistent descriptions of the gun. Trial counsel stated he had reviewed the co-defendants' statements before trial. Trial counsel stated he did not ask for a different reasonable doubt charge because this trial judge always gave his standard charge. Trial counsel stated he did not make a motion regarding pre-indictment delay in this case and that such a delay was not unusual.

(R. at 321.)

### 1. Claim A

In Claim A, Petitioner claims that trial counsel was ineffective for failing to challenge the trial court's charge on reasonable doubt. In rejecting Petitioner's claims, the PCR court found Petitioner's testimony "not credible, while also finding trial counsel's testimony is credible." (R. at 321.) Judge Stilwell further stated,

> This Court finds the Applicant failed to meet his burden of proving trial counsel should have requested a different reasonable doubt charge. The trial judge issued the following charge for reasonable doubt:
>
>> Now, proof beyond a reasonable doubt is proof that leaves you firmly convinced of this defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases our law does not require proof that overcomes every possible doubt.
>>
>> If, based on your consideration of the evidence in this case, you are firmly convinced that this defendant is guilty as charged, then you must find him guilty.
>>
>> If, on the other hand, you think there is a real possibility that he is not guilty, then you must give him the benefit of that doubt and find him not guilty.
>
> (Trial transcript, p. 232.) This Court notes this particular jury charge has been found to be appropriate. See State v. Simmons, 384 S.C. 145, 178-79, 682 S.E.2d 19, 37 (Ct. App. 2009). Further, the Applicant failed to articulate how an alternative charge on reasonable doubt would have positively impacted his case.

(R. at 322-23.)

The Respondent contends Claim A is procedurally barred because, *inter alia*, "Petitioner presented one claim at the PCR hearing regarding the reasonable doubt charge,

6

and another claim in the PCR appeal regarding the reasonable doubt charge." (Dkt. No. 14 at 10.) It is not clear that Claim A is procedurally barred. At the PCR hearing, Petitioner complained about the trial judge's charge "that reasonable doubt is proof that leaves one firmly convinced of a Defendant's guilt." (R. at 301.) Petitioner raised a similar claim in his Petition for Writ of Certiorari. (Dkt. No. 14-9 at 3 of 10.)

Petitioner has not shown, however, that the PCR court's ruling on the issue was contrary to, or an unreasonable application of, clearly established federal law. As a preliminary matter, Petitioner does not explain–in his § 2254 petition or in his Response in Opposition to the Motion for Summary Judgment–the alleged deficiency in the instruction. Failure to articulate the claim is fatal to that claim. See Rule 2(c) of the Rules Governing Section 2254 and 2255 cases ("The petition must ... state the facts supporting each ground ...."); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999); see also Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir.1987) (stating that "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient).

To the extent Petitioner contends his trial counsel was ineffective for failing to challenge the "firmly convinced" language of the jury instruction, the claim fails. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

Claim A fails on the merits. As noted in the PCR court's order, South Carolina courts have previously found the at-issue jury instruction appropriate. See State v. Simmons, 384 S.C. 145, 178-79, 682 S.E.2d 19, 37 (Ct. App. 2009). Furthermore, while the "beyond a reasonable doubt standard is a requirement of due process, . . . the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." Victor v. Nebraska, 511 U.S. 1, 5 (1994) (citing Hopt v. Utah, 120 U.S. 430, 440-41 (1887)). The Court explained,

> [S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury.

Victor, 511 U.S. at 5 (internal quotation marks and citations omitted). The proper inquiry "is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it." Id. at 6 (citing Estelle v. McGuire, 502 U.S. 62, 72 & n.4 (1991)).

Challenges to the "firmly convinced" language of which Petitioner complains have been repeatedly rejected. In fact, the Tenth Circuit stated–of the same challenged instruction–that it "can hardly be described as unusual or untried. . . . We agree that the 'firmly convinced' language, juxtaposed with the insistence that a jury must acquit in the presence of 'a real possibility' that the defendant is not guilty, is a correct and comprehensible statement of the reasonable doubt standard." United States v. Conway, 73 F.3d 975, 980 (10th Cir. 1995); see also Harris v. Bowersox, 184 F.3d 744, 751-52 (8th Cir. 1999). Because Petitioner has not shown the challenged instruction was erroneous, Petitioner cannot show counsel was ineffective for failing to challenge it. Accordingly, the PCR court's ruling on the issue was not contrary to, or an unreasonable application of, clearly established federal law, and the undersigned recommends granting summary judgment to Respondent on Claim A.

### 2. Claim B

In Claim B, Petitioner contends that his trial counsel was ineffective because he "failed to challenge the admission of conspirator's testimony." (Dkt. No. 1.) In an attachment to his Petition, Petitioner lists several portions of the transcript that he contends contain perjured testimony. (See Dkt. No. 1-1.) He does not explain, however, on what basis trial counsel could have sought to exclude such evidence. (See generally Dkt. No. 1; Dkt. No. 17.)

Respondent contends that Claim B is procedurally barred, and the undersigned agrees. (See Dkt. No. 14 at 10.) Although Petitioner raised Claim B in his application for PCR, he did not raise this claim in his Petition for Writ of Certiorari. Accordingly, it is procedurally barred. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"); see also Ward v. McLeod, No. 3:01-0012-25BC,

2002 WL 31996018, at *4 (D.S.C. Apr. 18, 2002) ("When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.").[1] The undersigned recommends granting summary judgment to Respondent on Claim B.

### 3. Claim C

Finally, in Claim C, Petitioner contends that his appellate counsel was ineffective for failing to challenge the trial court's charge on reasonable doubt on appeal. (See Dkt. No. 1.) This claim is not available for review in the instant action because, as Respondent notes in the Motion for Summary Judgment, Petitioner did not raise this claim at the PCR hearing or in the Petition for Writ of Certiorari. In any event, appellate counsel cannot be deemed ineffective for failing to raise an issue on appeal that was not properly preserved in the trial court. See State v. Hoffman, 312 S.C. 386, 440 S.E.2d 869, 873 (1994) (an issue which is not preserved cannot be raised for the first time on appeal); see also Diaz v. Secretary for the Dep't of Corrs., 402 F.3d 1136, 1142 (11th Cir. 2005) ("Under Florida law, an error that passed without objection cannot be raised on appeal; appellate counsel, therefore, is not

---

[1] The undersigned notes that this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances, Granberry v. Greer, 481 U.S. 129, 131 (1987), but concludes such circumstances are not present in the instant case. In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of a particular claim, or show interference by state officials. Id.

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

ineffective for failure to raise a meritless argument."). The undersigned therefore recommends granting Respondent's Motion for Summary Judgment as to Claim C.

## B. Lack of Subject Matter Jurisdiction (Claim D)

Petitioner's claim that the trial court lacked subject matter jurisdiction is not cognizable in the instant habeas action. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); see also Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (holding jurisdiction is a matter of state law); Von Longmore v. South Carolina, No. C.A. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue."). The undersigned recommends granting summary judgment to Respondent on this claim.

## C. Claims E & F

In Claims E and F, Petitioner complains about alleged defects in the indictment process. Specifically, in Claim E, Petitioner contends that Detective Owens' testimony at the grand jury deprived him of "right, privileges and immunities guaranteed by the Constitution." (Dkt. No. 1.) In Claim F, Petitioner complains that the State failed to indict him within 180 days of his arrest. (Id.)

Neither Claim E nor Claim F are cognizable on federal habeas review. To the extent Petitioner claims these alleged defects related to the indictment process deprived the state court of subject matter jurisdiction, that claim fails for the reasons set forth above. In addition, both claims fail because they are matters of state law. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). As the Supreme Court stated in Estelle,

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

11

Id. at 67-68; see also 28 U.S.C. § 2254(a). Simply stated, state law issues are not cognizable in a federal habeas corpus proceeding. See Bryant v. Cartledge, No. 3:09–3234–CMC–JRM, 2010 WL 5588790, at *9 (D.S.C. Oct. 10, 2010), adopted at 2011 WL 145328 (D.S.C. Jan. 18, 2011) ("The South Carolina Supreme Court is the final arbiter of the law of South Carolina. Its determination of what the law of South Carolina means is final and cannot be reviewed by the federal courts unless the interpretation by the South Carolina Supreme Court implicates, and is in conflict with, an identified right protected by the United States Constitution."); Monahan v. Burtt, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *7 (D.S.C. Sept. 27, 2006) ("Reliance on a state statute, and the state constitution, as a basis for relief simply fails to present a question of federal law. To the extent the petitioner relies solely on state law, he has failed to present a matter cognizable under 28 U.S.C. § 2254."); see also Smith v. Moore, 137 F.3d 808, 821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction misstated South Carolina law); Crocker v. McCall, No. 4:07-4011-PMD-TER, 2009 WL 764432, at *3 (D.S.C. Mar. 19, 2009) ("Petitioner was guaranteed the right to a grand jury indictment by the South Carolina Constitution. However, that is a matter of state law, and the United States Constitution does not guarantee the right to an indictment by a grand jury before one can be charged with a crime in a state court proceeding. Therefore, what Petitioner is asserting is a matter of state law which was given final adjudication by a state court, and therefore this Court is not empowered to overturn that decision." (citing Dunn v. Sears, 561 F. Supp. 2d 444, 453 (S.D.N.Y. 2008))).

Furthermore, Claim E is vague–it is unclear how Petitioner contends Detective Owens violated his constitutional rights. Conclusory statements without specific factual allegations do not warrant habeas relief. See Rule 2(c) of the Rules Governing Section 2254 and 2255 cases; Nickerson, 971 F.2d at 1136; Wiggins, 825 F.2d at 1238. The undersigned

12

therefore recommends granting summary judgment to Respondent on Claim E and Claim F.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 13) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[2]

IT IS SO RECOMMENDED.

                                                                s/Bruce Howe Hendricks
                                                                United States Magistrate Judge

December 19, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[2]     Title 28, Section 2253 provides in relevant part,
      (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
      (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).